THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEASON SILK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BOSTON SCIENTIFIC CORPORATION, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C22-0125-JCC<br><br>ORDER |

　　Before the Court is Defendants' motion to stay. (Dkt. No. 10.) The Court has reviewed Defendants' motion and the relevant record. Although Defendants' motion is technically not unopposed and thus should not have been noted as a same-day motion, the Court finds that no response is needed at this juncture. The Court thus GRANTS the motion in part, DENIES it in part, and *sua sponte* ORDERS further actions as described below.

　　Defendants' attorney, Michael Carroll[1] states that early this month, he understood a tentative settlement had been reached with Plaintiff's counsel, Benjamin Pepper, and was waiting for Mr. Pepper to advise whether his client would approve it. (Dkt. No. 11 at 2.) Then, Mr. Pepper simply stopped responding to Mr. Carroll, who tried unsuccessfully to contact him three

---

[1] Mr. Carroll is not Defendants' counsel of record in this case, but rather is Boston Scientific's national settlement counsel. (*See* Dkt. No. 11 at 1.)

ORDER
C22-0125-JCC
PAGE - 1

times. (*Id.*) Eventually, Mr. Carrol made contact with Mr. Pepper's law partner, Kevin Conner, who advised that Mr. Pepper had been suspended from practicing law. (*Id.*) The Washington State Bar Association's online legal directory indicates that Mr. Pepper has indeed been suspended from practicing law on an interim basis. (Dkt. No. 11-1.)[2]

Mr. Conner apparently told Mr. Carroll that Mr. Conner could not appear on Plaintiff's behalf because "no one else at Conner & Pepper, PLLC, is admitted to practice in the Western District of Washington, and consequently Plaintiff does not currently have any counsel who can sign pleadings in this Court." (*Id.*) Mr. Conner also told Mr. Carrol "that he is seeking to see if the tentative resolution [reached before Mr. Pepper stopped responding] can move forward by reaching out to Mr. Pepper to see where Mr. Pepper left off on that issue, and he is also exploring options for finding an attorney who can sign pleadings in this Court."

The Court is reluctant to grant a potentially open-ended stay where the only person the Court can contact, and thus the only source of accountability for Plaintiff to eventually secure representation, is defense counsel. Had Mr. Pepper complied with the Local Rules and sought leave to withdraw, he would have had to provide his client's contact information. *See* LCR 83.2(b)(1). Mr. Pepper failed to do any of this. Instead, he is still counsel of record, but he cannot practice law and apparently is unresponsive. The Court also notes that Mr. Conner is admitted to practice in Washington, and thus nothing precludes him from seeking admission to this Court.

Accordingly it is hereby ORDERED as follows:

1. Defendants' motion (Dkt. No. 10) is GRANTED in part and DENIED in part.

2. Within 7 days of this Order, Mr. Conner must (a) seek admission to practice in this District, (b) file an appearance in this case, and (c) file a declaration stating whether he has

---

[2] LCR 83.3(c)(6)(C) required Mr. Pepper to provide the Clerk with a copy of any suspension notice issued by a state bar association so the Court can determine whether to impose reciprocal discipline. *See also* LCR 83.3(c)(6)(A)–(E). Although he apparently failed to do this, the Court received notice from the Washington State Bar Association, and reciprocal discipline proceedings have commenced as to Mr. Pepper. *See In re Benjamin Andrew Pepper*, Case No. RD22-0005-RSM (W.D. Wash. 2022).

the ability to contact the Plaintiff.

3.    All pending deadlines—including the deadline for Defendants' responsive pleading—other than those set forth in this Order are STAYED until Mr. Conner appears in the case.

4.    Defense counsel is DIRECTED to provide a copy of this Order to Mr. Conner and to confirm with him by phone that he has received it.

5.    Mr. Conner is DIRECTED to provide a copy of this Order to Mr. Pepper.

6.    The Clerk is DIRECTED to mail a copy of this Order to both Mr. Pepper and Mr. Conner at: 119 N. Commercial St., Suite 1360, Bellingham, WA 98225.

DATED this 10th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE